67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paula Elvira MARTINEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70031.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 22, 1995.
 
 1
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Paula Elvira Martinez, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the decision of an immigration judge ("IJ"), denying her application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition.
 
 
 4
 We review for abuse of discretion the BIA's denial of asylum. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). We review BIA decisions denying asylum and withholding of deportation under the substantial evidence standard. Castillo v. INS, 951 F.2d 1117, 1120 (9th Cir.1991). We will uphold BIA decisions unless an alien demonstrates "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992); Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995).
 
 
 5
 To establish eligibility for asylum based on fear of future persecution, asylum applicants must establish a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the applicant to meet this standard. Id. Eligibility for asylum may be based on past persecution alone where an applicant has suffered "under atrocious forms of persecution." Id. at 1062 (citing Matter of Chen, Int.Dec. 3104 at 4 (BIA 1989)).
 
 
 6
 Elvira Martinez testified that in 1986, members of the Sandinista party asked her to perform night guard duty in her neighborhood. Martinez refused because she never liked politics, and as a result her food ration card was suspended. When Martinez spoke to the Sandinista coordinator about the suspension, he informed her that they were suspending her food "and that it was only the beginning for [her]." The coordinator then told Martinez that her husband could lose his job and "may not be able to find work."
 
 
 7
 After losing her food ration card, Martinez purchased food at double, and sometimes even triple the price she previously paid. Martinez continued to reside in Nicaragua for two years after this incident. Her husband did not lose his job, and she had no problem obtaining a passport with which to leave Nicaragua. Her children still reside with their father in the same house where Martinez lived in Managua. In support of her asylum application, Martinez also stated that her brother had been conscripted into the Sandinista military and killed in combat.
 
 
 8
 We agree with the BIA that Martinez failed to establish a well-founded fear of persecution on account of her political opinion. Martinez's claim that her food ration card was suspended is insufficient to show fear of persecution. See Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985) (finding the fact that petitioner was denied discounts on food does not establish persecution); Raass v. INS, 692 F.2d 596, 596 (9th Cir.1982) (holding that asylum claim requires more than "generalized economic disadvantage"). This is not a situation in which the economic deprivation was so severe that Martinez was deprived the necessities of life. See Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969). Moreover, MArtinez has not shown that she feared persecution as a result of her religion or political opinion. See De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990). Additionally, the fact that Martinez's brother was killed in combat does not establish a well-founded fear of persecution on Martinez's part. See id.; Castillo, 951 F.2d at 1122 (holding that a demand that citizens serve in the military does not amount to persecution).
 
 
 9
 Given the evidence presented, we cannot say that "a reasonable factfinder would be compelled to conclude that [Martinez] was subject to persecution." See Elias-Zacarias, 502 U.S. at 483-84; Prasad v. INS, 47 F.3d at 339. Finally, Martinez's case is not comparable to other cases involving "atrocious forms of persecution" in which this court has found past persecution and upheld the grant of asylum on humanitarian grounds. Acewicz, 984 F.2d at 1061.
 
 
 10
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Martinez has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of her request for withholding of deportation. See id. at 1062.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3